UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-22849

NERLYNE AUGUSTE,

    Plaintiff,

vs.

DESH INCOME TAX &
IMMIGRATION SERVICES, LLC
and MAGDALA NICLASSE,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Nerlyne Auguste, sues Defendants, Desh Income Tax & Immigration Services, LLC and Magdala Niclasse, as follows:

*Parties, Jurisdiction, and Venue*

1.    **Plaintiff, Nerlyne Auguste**, is over 18 years old and has been a *sui juris* resident of Miami-Dade County, Florida, at all times material.

2.    **Defendant, Desh Income Tax & Immigration Services, LLC** ("Desh Income Tax"), is a *sui juris* Florida limited liability company that was authorized to conduct and actually conducted its for-profit tax preparation and immigration services business in Miami-Dade County, Florida, at all times material, where it maintains its principal place of business.

3.    **Defendant, Magdala Niclasse**, was at all times material an owner/officer/director/manager of Desh Income Tax for the time period relevant to this lawsuit. She ran its day-to-day operations, was responsible for all operational decisions, and was partially or totally responsible for paying Plaintiff's wages.

1

4. This Court has original jurisdiction over Plaintiff's federal question claims pursuant to 28 U.S.C. §1331, 26 U.S.C. §201, *et seq.*, and pendent/supplemental jurisdiction over Plaintiff's related Florida state law claim.

5. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants maintained their principal places of business in this District, because Plaintiff worked and was due to be paid in this District, and because most if not all of the operational decisions were made in this District.

6. Any/all condition(s) precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

7. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## COUNT I – FLSA MINIMUM WAGE VIOLATION(S)

Plaintiff, Nerlyne Auguste, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

8. Defendants were Plaintiff's direct employers, joint employers, and co-employers for purposes of the FLSA, as the term "employer" is defined by 29 U.S.C. §203(d).

9. Defendants regularly employed two or more employees for the relevant time that handled goods or materials that traveled through interstate commerce or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

10. Defendants have been at all times materially engaged in interstate commerce in the course of their provision of federal income tax preparation services and immigration services which,

2

traditionally, cannot be performed without using goods, materials, medication, supplies, and equipment that have all moved through interstate commerce.

11. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period and/or $125,000 for each relevant fiscal quarter.

12. In particular, Defendants own and operate at least one office that provides income tax and immigration services for its customers/clients.

13. Defendants regularly employed two or more employees such as Plaintiff for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered under the Fair Labor Standards Act.

14. Defendants regularly and routinely utilize computers, software, office equipment and supplies, telephones, phone systems, and other materials and supplies to engage in interstate commerce.

15. Defendants regularly and recurrently obtained, solicited, exchanged, and sent funds and federal income tax documents to and from outside of the State of Florida, regularly and recurrently used telephonic transmissions going outside of the State of Florida to conduct business, and regularly and recurrently transmitted electronic information through computers, the internet, via email, and otherwise outside of the State of Florida in the course of their business.

16. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while she worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants in the course of her work.

17. Defendants hired Plaintiff to work for them as a secretary, pursuant to which she

3

utilized computers, telephones, tax preparation software, office supplies, and other goods and materials that traveled in interstate commerce.

18. Plaintiff's work for Defendants involved, among other things, obtaining information from clients, inputting that information into the computer (so that it could generate tax returns to be submitted to the Internal Revenue Service, which is located outside of the State of Florida, and immigration documents for clients located outside of the State of Florida), and having telephone conversations with clients, vendors, and others who were located outside of the State of Florida.

19. Plaintiff was an employee of Defendants as the term "employee" is defined by 29 U.S.C. §203(e) and Fla. Stat. §440.110.

20. Plaintiff was a non-exempt employee of Defendants.

21. Plaintiff consents to participate in this lawsuit.

22. Plaintiff worked for Defendants from about January 2023 through September 2023.

23. Defendants agreed to pay Plaintiff at a rate of $1,000.00 per week.

24. To the extent that records exist regarding the exact dates of Plaintiff's employment, such records are believed to be in the exclusive custody of Defendants.

25. Defendants coordinated all job-related activities of Plaintiff, including coordinating her work schedule and instructing her on how to perform her job duties.

26. Defendants supervised and controlled Plaintiff's work.

27. Defendants failed and refused to pay Plaintiff at least the federal minimum wage of $7.25 per hour for each of the hours she worked by paying her nothing in exchange for the work she performed between May and September 2023.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

28. Defendants willfully and intentionally refused to pay Plaintiff at least the federal minimum wage of $7.25 per hour for each of the hours she worked during the three years before the filing of this Complaint.

29. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff at least the federal minimum wage for all of the hours she worked during the relevant time period violated the Federal Wage Laws of the United States, intentionally misled Plaintiff to believe that Defendants were not required to pay her at least the federal minimum wage, failed to post the required notice(s) regarding minimum wage and overtime pay, and/or concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay she earned.

30. Plaintiff is entitled to a backpay award for the difference between the hourly pay she received and the federal minimum wage for all of the hours worked during the three years prior to the filing of the initial Complaint, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Nerlyne Auguste, demands the entry of a judgment in Plaintiff's favor and against Defendants, Desh Income Tax & Immigration Services, Inc. and Magdala Niclasse, jointly and severally, and as follows:

    a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

    b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

5

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

**COUNT II - FLSA OVERTIME WAGE VIOLATION(S)**

Plaintiff, Nerlyne Auguste, reincorporates and re-alleges paragraphs 1 through 26 as though set forth fully herein and further alleges as follows:

31. Plaintiff regularly and routinely worked more than 40 hours in a workweek for Defendants.

32. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times the greater of Plaintiff's regular hourly rate(s) of pay or the applicable Florida Minimum Wage for all of the hours worked beyond 40 hours in a given workweek.

33. Defendants willfully and intentionally refused to pay Plaintiff wages at a rate of time and one-half times the greater of Plaintiff's regular hourly rate(s) of pay or the applicable Florida Minimum Wage for each of the overtime hours worked during the relevant time period.

34. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours worked during the relevant period violated the Federal Wage Laws of the United States, intentionally misled Plaintiff to believe that Defendants were not required to pay an overtime rate, and/or concocted a scheme pursuant to which they deprived Plaintiff the overtime pay earned.

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884 FAX 305.230.4844
www.fairlawattorney.com

35. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked, plus an equal amount as a liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Nerlyne Auguste, demands the entry of a judgment in Plaintiff's favor and against Defendants, Desh Income Tax & Immigration Services, LLC and Magdala Niclasse, jointly and severally, and as follows:

a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

g. Such other and further relief as the Court deems just and proper.

### COUNT III – VIOLATION OF THE FMWA

Plaintiff, Nerlyne Auguste, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

135 San Lorenzo Avenue, Suite 770, Coral Gables, FL 33156
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

36. The Florida Constitution provides that, "All working Floridians are entitled to be paid a minimum wage that is sufficient to provide a decent and healthy life for them and their families, that protects their employers from unfair low-wage competition, and that does not force them to rely on taxpayer-funded public services in order to avoid economic hardship. Fla. Const., Art. X, §24(a).

37. Although Plaintiff worked approximately 54 hours per week, Defendants paid Plaintiff less than the Minimum Wage required under Florida law by failing to issue any payment to her for the work she performed between May and September 2023.

38. Defendants willfully and intentionally refused to pay Plaintiff even a minimum wage for all of the hours worked during her employment due to the conduct described above.

39. Defendants either knew from prior experience or recklessly failed to investigate whether their failure to pay Plaintiff a minimum wage for each of the hours worked during her employment violated the Florida Minimum Wage Act and then failed to timely correct their violation.

40. Under the FMWA, Plaintiff is entitled to a back pay award of her underpaid/unpaid minimum wages for all hours worked, plus an equal amount as liquidated damages, plus all attorneys' fees and costs.

41. Before initiating this lawsuit, Plaintiff served the Defendants with a demand letter in compliance with Fla. Stat. §448.110, but the Defendants did not pay the amount demanded or otherwise attempt to resolve this matter to her satisfaction, instead denying all liability.

WHEREFORE Plaintiff, Nerlyne Auguste, demands the entry of a judgment in her favor and against Defendants, Desh Income Tax & Immigration Services, LLC and Magdala Niclasse, jointly and severally, and as follows:

a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in Fla. Stat. §440.110 and Art. X, Sec. 24, Fla. Const.;

b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FMWA;

d. That Plaintiff recover all interest allowed by law;

e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

f. That the Court declare Defendants to be in willful violation of the FMWA; and

g. Such other and further relief as the Court deems just and proper.

## COUNT IV – BREACH OF CONTRACT
### (Against Defendant, Desh Income Tax & Immigration Services, LLC)

Plaintiff, Nerlyne Auguste, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

42. Through this claim, Plaintiff seeks recovery of the "pure gap time" wages that she worked and earned but did not receive.[1] *See e.g., Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244

---

[1] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

(3d Cir. 2014); *Botting v. Goldstein*, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield*, Va., 95 F.3d 1263, 1280 (4th Cir. 1996).)

43. Plaintiff and Defendant, Desh Income Tax & Immigration Services, LLC, agreed that in exchange for Plaintiff expending time and effort on their behalf, Defendants would compensate her at a rate of $1,000.00 for each week that she worked for them.

44. Plaintiff performed under the parties' contract/agreement by performing work for Defendants as aforesaid.

45. Defendant, Desh Income Tax & Immigration Services, LLC, failed and refused to perform its obligation to timely pay Plaintiff at a rate of $1,000.00 for each week that she worked for it.

46. Plaintiff has been damaged as a result of Defendants' failure to pay her in a timely manner for the work she performed between May and September 2023.

WHEREFORE Plaintiff, Nerlyne Auguste, demands the entry of a judgment in her favor and against Defendant, Desh Income Tax & Immigration Services, LLC, after trial by jury, for all breach of contract damages suffered, plus pre-judgment and post-judgment interest, costs and attorneys' fees incurred in this matter pursuant to Fla. Stat. § 448.08, and requests that the Court award such other and further relief as it deems just and proper.

<div style="text-align: center;">

**COUNT V – UNJUST ENRICHMENT**
**(Against Defendant, Desh Income Tax & Immigration Services, LLC)**

</div>

Plaintiff, Nerlyne Auguste, reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

47. Through this claim, Plaintiff seeks recover of the "pure gap time" wages that she worked and earned, but did not receive.[2] *See e.g., Jernigan v. 1st Stop Recovery, Inc.*, 2017 WL 3682332 (M.D. Fla. Aug. 25, 2017) (citing *Davis v. Abington Memorial Hosp.*, 765 F.3d 236, 244 (3d Cir. 2014); Botting v. Goldstein, 2015 WL 10324134 (S.D. Fla. Dec. 21, 2015); *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F. 3d 106 (2d Cir. 2013); and *Monahan v. Cty. Of Chesterfield, Va.*, 95 F.3d 1263, 1280 (4th Cir. 1996).).

48. Plaintiff provided labor and services for Defendant, Desh Income Tax & Immigration Services, LLC, and it received and accepted the benefits of the labor and services rendered by Plaintiff.

49. Plaintiff expected to be paid a reasonable value for the labor and services she provided to Defendants.

50. Plaintiff provided services on behalf of Defendant, Desh Income Tax & Immigration Services, LLC, for its business, as requested, and Defendant received and accepted the benefits of Plaintiff's work, efforts, and labor.

51. Defendant, Desh Income Tax & Immigration Services, LLC, was unjustly enriched in that it failed and refused to make payment to Plaintiff for the benefits conferred upon them between May and September 2023.

WHEREFORE Plaintiff, Nerlyne Auguste, demands the entry of a judgment in her favor and against Defendant, Desh Income Tax & Immigration Services, LLC, after trial by jury, for all unjust enrichment damages suffered, plus pre-judgment and post-judgment interest, costs and

---

[2] *Thrower v. Peach County, Georgia, Bd. of Educ.*, 2010 WL 4536997, at *4 (M.D. Ga. Nov. 2, 2010) ("In the wage and hour world, this time between scheduled hours and overtime hours is known as 'pure gap time'.")

attorneys' fees incurred in this matter pursuant to Fla. Stat. § 448.08, and requests that the Court award such other and further relief as it deems just and proper.

<div align="center"><u>COUNT VI – VIOLATION OF FLA. STAT. § 68.065</u><br>(Check No. 50018)</div>

Plaintiff reincorporates and re-alleges paragraphs 1 through 7 as though set forth fully herein and further alleges as follows:

52. Florida Statute § 673.3011 (2023) provides in relevant part that "[t]he term 'person entitled to enforce' an instrument means: (1) The holder of the instrument[.]"

53. Under section 673.3011, a holder of an instrument is a "holder in due course" if it took the instrument for value, in good faith, and without notice that the instrument would be dishonored.

54. Additionally, Florida law provides limited defenses to the obligor when the holder is a holder in due course. Fla. Stat. § 673.3051(1)(a).

55. Florida Statute § 673.4141 renders the maker of a check an obligor and provides that "[i]f an unaccepted draft is dishonored, the drawer is obliged to pay the draft: (a) [a]ccording to its terms at the time it was issued or, if not issued, at the time it first came into possession of a holder[.]"

56. Further, Florida Statute § 68.065(3)(a) further provides in relevant part as follows::

In any civil action brought for the purpose of collecting a payment instrument, the payment of which is refused by the drawee because of lack of funds, lack of credit, or lack of an account, or where the maker or drawer stops payment on the instrument with intent to defraud, and where the maker or drawer fails to pay the amount owing, in cash, to the payee within 30 days after a written demand therefor, . . . , the maker or drawer is liable to the payee, in addition to the amount owing upon such payment instrument, for damages or triple the amount so owing. ... The maker or drawer is also liable for any court costs and reasonable attorney's fees incurred by the payee in taking the action.

57. On or about June 15, 2023, Desh Income Tax & Immigration Services, LLC, issued and Magdala Niclasse delivered to Plaintiff a written order for the payment of $1,679.38, drawn upon the bank account held by Desh Income Tax & Immigration Services, LLC, at Bank of America, N.A., in Check No. 50018, and payable to Plaintiff.

58. Plaintiff endorsed the Check and attempted to deposit it with her bank for payment but Check No. 50018 was dishonored by the drawee bank and returned unpaid.

59. When Plaintiff attempted to deposit the Check, it bore no apparent evidence of forgery or alteration and was not otherwise so irregular or incomplete as to call into question its authenticity.

60. When Plaintiff attempted to deposit the Check, Plaintiff had no notice that the Check was overdue, had been dishonored, that there was an uncured default with respect to payment of another instrument issued as part of the same series, that the instrument contained an unauthorized signature or had been altered, that the Check was subject to a claim of a property or possessory right in the instrument or its proceeds, or that any party had a defense or claim to recoupment.

61. Plaintiff took the Check for value, in good faith, and without notice of any defense or claim against it.

62. Plaintiff, by and through her attorney, submitted a written notice of the worthless Check and demand for payment via certified mail to Defendants on April 12, 2024, as required by Fla. Stat § 68.065.

63. Plaintiff's letter demanded payment from Defendants within thirty (30) days of the date of the letter for the full amount of Check No. 50018 plus the applicable service charge and enclosed a copy of Fla. Stat. §68.065.

64. More than thirty (30) days have passed since the date of Defendants' receipt of the letter, but they failed to pay her any money in response to the letter she sent on April 14, 2024, related to Check No. 50018.

65. Plaintiff has suffered damages as a direct and proximate result of Defendants' violation(s) of Fla. Stat. §68.065 as set forth above related to Check No. 50018.

WHEREFORE Plaintiff, Plaintiff, Nerlyne Auguste, demands the entry of a judgment in her favor and against Defendants, Desh Income Tax & Immigration Services, LLC and Magdala Niclasse, for the amount of Check No. 50018 ($1,679.38), plus three times the amount of Check No. 50018, plus her attorneys' fees and costs pursuant to Fla. Stat. §68.065, all interest allowed b law, and such other and further relief as the Court deems just and proper.

### COUNT VII – VIOLATION OF FLA. STAT. § 68.065
### (Check No. 50017)

Plaintiff realleges and reincorporates paragraphs 1 through 7 and 52 as though set forth fully herein and further alleges as follows:

66. On or about June 1, 2023, Desh Income Tax & Immigration Services, LLC, issued and Magdala Niclasse delivered to Plaintiff a written order for the payment of $1,679.38, drawn upon the bank account held by Desh Income Tax & Immigration Services, LLC, at Bank of America, N.A., in Check No. 50017, and payable to Plaintiff.

67. Plaintiff endorsed the Check and attempted to deposit it with her bank for payment but Check No. 50017 was dishonored by the drawee bank and returned unpaid.

68. When Plaintiff attempted to deposit the Check, it bore no apparent evidence of forgery or alteration and was not otherwise so irregular or incomplete as to call into question its authenticity.

69. When Plaintiff attempted to deposit the Check, Plaintiff had no notice that the Check was overdue, had been dishonored, that there was an uncured default with respect to payment of another instrument issued as part of the same series, that the instrument contained an unauthorized signature or had been altered, that the Check was subject to a claim of a property or possessory right in the instrument or its proceeds, or that any party had a defense or claim to recoupment.

70. Plaintiff took the Check for value, in good faith, and without notice of any defense or claim against it.

71. Plaintiff, by and through her attorney, submitted a written notice of the worthless Check and demand for payment via certified mail to Defendants on April 12, 2024, as required by Fla. Stat § 68.065.

72. Plaintiff's letter demanded payment from Defendants within thirty (30) days of the date of the letter for the full amount of Check No. 50018 plus the applicable service charge and enclosed a copy of Fla. Stat. §68.065.

73. More than thirty (30) days have passed since the date of Defendants' receipt of the letter, but they failed to pay her any money in response to the letter she sent on April 14, 2024, related to Check No. 50017.

74. Plaintiff has suffered damages as a direct and proximate result of Defendants' violation(s) of Fla. Stat. §68.065 as set forth above related to Check No. 50018.

WHEREFORE Plaintiff, Plaintiff, Nerlyne Auguste, demands the entry of a judgment in her favor and against Defendants, Desh Income Tax & Immigration Services, LLC and Magdala Niclasse, for the amount of Check No. 50017 ($1,679.38), plus three times the amount of Check No. 50017, plus her attorneys' fees and costs pursuant to Fla. Stat. §68.065, all interest allowed b law, and such other and further relief as the Court deems just and proper.

15

Respectfully submitted this 26th day of July 2024,

<div align="right">

s/Brian H. Pollock, Esq.
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*

</div>