IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)
**Case No. 1:24-cv-22849-Civ-Ruiz**

NERLYNE AUGUSTE,

    Plaintiff,

vs.

DESH INCOME TAX &
IMMIGRATION SERVICES, LLC,
and MAGDALA NICLASSE,

    Defendants.

_____/

**DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES
TO PLAINTIFF'S COMPLAINT**

Defendants, DESH INCOME TAX & IMMIGRATION SERVICES, LLC, and MAGDALA NICLASSE, hereby file their Answer and Affirmative Defendants to Plaintiff's Complaint.

**ANSWER**

Pursuant to Federal Rule of Civil Procedure 8(b), Defendants hereby respond to each of the numbered paragraphs of Plaintiff's Complaint as follows:

1. Admitted
2. Admitted.
3. Admitted.
4. Denied.
5. Admitted.
6. Denied.

7. Without knowledge and therefore denied.

## Count I – FLSA Minimum Wage Violation(s)

8. Admitted.

9. Denied.

10. Denied.

11. Denied.

12. Admitted.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Admitted that Plaintiff was hired to perform non-manual office work for Defendants, including but not limited to secretarial services; the remaining allegations of Paragraph 17 are denied.

18. Denied.

19. Admitted.

20. Denied.

21. Without knowledge and therefore denied.

22. Denied.

23. Admitted.

24. Admitted.

25. Admitted.

26. Admitted.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

### Count II – FLSA Overtime Violation(s)

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

### Count III – Violation of the FMWA

36. Admitted.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Admitted.

### Count IV – Breach of Contract

42. Denied.

43. Admitted that Defendants agreed to pay Plaintiff at the rate $1,000 per week; otherwise denied.

44. Admitted.

45. Denied.

46. Denied.

### Count V – Unjust Enrichment

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

### Count VI – Violation of Fla. Stat. 68.065 (Check 50018)

52. Admitted.

53. Admitted.

54. Admitted.

55. Admitted.

56. Admitted.

57. Admitted.

58. Without knowledge and therefore denied.

59. Without knowledge and therefore denied.

60. Without knowledge and therefore denied.

61. Without knowledge and therefore denied.

62. Admitted.

63. Admitted.

64. Admitted.

65. Denied.

**Count VII – Violation of Fla. Stat. 68.065 (Check 50017)**

66. Admitted.

67. Admitted.

68. Without knowledge and therefore denied.

69. Without knowledge and therefore denied.

70. Without knowledge and therefore denied.

71. Admitted.

72. Admitted.

73. Admitted.

74. Denied.

**AFFIRMATIVE DEFENSES**

Pursuant to Federal Rules of Civil Procedure 8(b), 12(a) and 12(b), Defendants assert the following defenses without assuming any burden of proof or persuasion that it would not otherwise bear or that applicable law places on the Plaintiff. Unless otherwise specifically stated, each defense is asserted in connection with all claims against Defendant. Subject to the foregoing, Defendants allege the following defenses

1. Plaintiff has failed to and cannot state a cause of action upon which relief may be granted as to any of the claims raised in her Complaint.

2. Plaintiff's FLSA claims at Counts I and II of the Complaint are barred by 29 U.S.C. § 203(s)(1)(A) because Defendants were not an enterprise engaged in commerce with annual gross volume of sales made or business done of more than $500,000.00.

3. Plaintiff's FLSA claims at Counts I and II of the Complaint are barred by 29 U.S.C. § 207(a)(1) because Plaintiff was not engaged in commerce or in the production of goods for commerce during her employment with Defendants.

4. Plaintiff's FLSA claims at Counts I and II of the Complaint are barred to the extent Plaintiff seeks recovery for time that is not compensable time, i.e. "hours worked" under the FLSA.

5. Plaintiff's FLSA claims at Counts I and II of the Complaint are barred, in whole or in part, by all applicable statutes of limitation, including, but not limited to, 29 U.S.C. § 255.

6. Plaintiff's FLSA claims at Counts I and II of the Complaint are barred, in whole or in part, by the provisions of the Portal-to-Portal Act, 29 U.S.C. § 254, as to all hours during which Plaintiff was engaged in activities that were not compensable work under the FLSA and were not integral and indispensable part of her principal activities, including non-compensable activities that were preliminary or postliminary to her principal activities.

7. Plaintiff's FLSA overtime claim at Count II of the Complaint is barred in whole or in part by exemptions, exclusions, and credits provided for in 29 U.S.C. § 213.

8. To the extent that Plaintiff is found to be non-exempt for purposes of the FLSA's overtime requirement, Defendants assert that any insubstantial or insignificant periods of recorded working time beyond the scheduled working hours, which as a practical administrative matter cannot be recorded precisely for payroll purposes, are de minimis and may be properly disregarded for payroll purposes.

9. To the extent that Plaintiff is found to be non-exempt and seeks compensation for any bona fide meal or rest periods thirty (30) minutes in duration or longer, such time is not compensable in accordance with the FLSA.

10. Defendants took reasonable measures to prevent and correct any alleged violations of the FLSA and Plaintiff failed to take advantage of corrective opportunities provided.

11. Any acts or omissions by Defendants which may be found to be in violation of the rights afforded by the FLSA were not willful but occurred in good faith with reasonable grounds for believing Defendants were in full compliance with the FLSA. As such, the statute of limitations can be no longer than two years pursuant to 25 U.S.C. § 255(a).

12. Plaintiff may not recover liquidated damages on her FLSA claims at Counts I and II of the Complaint because Defendants acted reasonably and in good faith and did not commit any willful violations of any of the provisions of the FLSA; Defendants did not authorize or ratify any willful violation with respect

to Plaintiff and Plaintiff has failed to plead sufficient facts to support recovery of such damages.

13. In the event of a judgment adverse to Defendant under the FLSA, Plaintiff is not entitled to recover both liquidated damages and pre-judgment interest in an action arising under the FLSA as this would represent a double recovery.

14. Plaintiff's claim at Count III of the Complaint (Violations of Florida Minimum Wage Act) is barred because Plaintiff did not perform any compensable work or other services for Defendants between May and September 2023, as alleged at Paragraph 37 of the Complaint.

15. Plaintiff's claim at Count IV (Breach of Contract) is barred by failure of consideration because Plaintiff did not perform any compensable work or other services for Defendants between May and September 2023, as alleged at Paragraph 46 of the Complaint..

16. Plaintiff's claim at Count V (Unjust Enrichment) is barred by failure of consideration because Plaintiff did not perform any compensable work or other services for Defendants between May and September 2023, as alleged at Paragraph 51 of the Complaint.

17. Plaintiff's claim at Count VI of the Complaint is barred by § 673.3031(1)(a), Fla. Stat. for lack of consideration because Plaintiff did not perform any compensable work or other services of value for Defendants in exchange for Check 50018.

18. Plaintiff's claim at Count VII of the Complaint is barred by § 673.3031(1)(a), Fla. Stat. for lack of consideration because Plaintiff did not perform any compensable work or other services of value for Defendants in exchange for Check 50017.

19. Plaintiff's claims at Counts VI and VII of the Complaint are barred in whole or part by one or more of the statutory affirmative defenses set forth at § 673.3051(1), Fla. Stat.

20. Any statutory damages awarded to Plaintiff on Counts VI or VII of the Complaint under § 68.065(3)(a), Fla. Stat should be reduced to the extent the failure to satisfy the dishonored checks was due in whole, or in part, to economic hardship.

21. To the extent Plaintiff is entitled to damages on any of her claims, Defendants are entitled to a credit for, or set off against, amounts overpaid to her in the course of her employment, as well as credit for overtime and other premium payments already made to her.

22. To the extent Plaintiff is entitled to damages on any of her claims, Defendants are entitled to offset monies or other consideration paid or provided to Plaintiff by Defendants for periods in which Plaintiff was not engaged to work.

       Respectfully submitted,

       *Christopher C. Sharp*
       Christopher C. Sharp, Esq.
       Fla. Bar No. 996858
       E-Mail: csharplaw@aol.com
       Secondary Email: chris@csharplawfirm.com
       SHARP LAW FIRM, P.A.
       1600 West State Road 84, Suite C
       Fort Lauderdale, Florida 33441
       Telephone: (954) 909-4246
       Facsimile: (954) 827-8028
Dated: October 1, 2024   Counsel for Defendants

## **Certificate of Service**

  I hereby certify that on October 1, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

       By: *Christopher C. Sharp*
         Christopher C. Sharp, Esq.

**SERVICE LIST**
**Case No. 1:24-cv-22849-Civ-Ruiz**

Christopher C. Sharp, Esq.
Email: csharplaw@aol.com
Alternate email: chris@csharplawfirm.com
SHARP LAW FIRM, P.A.
1600 West State Road 84, Suite C
Fort Lauderdale, FL 33315
Phone: (954) 909-4246
Facsimile: (954) 827-8028
Counsel for Defendants

Brian H. Pollock, Esq.
Email: brian@fairlawattorney.com
Patrick Brooks LaRou, Esq.
Email: brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
Attorneys for Plaintiff