IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)
**Case No. 1:24-cv-22849-Civ-Ruiz**

NERLYNE AUGUSTE,

    Plaintiff,

vs.

DESH INCOME TAX &
IMMIGRATION SERVICES, LLC,
and MAGDALA NICLASSE,

    Defendants.
_____/

**DEFENDANTS' RESPONSE TO PLAINTIFF'S STATEMENT OF CLAIM**

Defendants, DESH INCOME TAX & IMMIGRATION SERVICES, LLC, and MAGDALA NICLASSE, in accordance with the Court's Order in Actions Brought Under the Fair Labor Standards Act, entered September 18, 2024, hereby file their response to Plaintiff's Statement of Claim in this matter, filed October 1, 2024:

**<u>Response to Statement of Claim and Statement of Defenses</u>**[1]

Plaintiff estimates that she is owed $18,000.00 in unpaid straight time wages, and $4,537.40 in unpaid overtime wages for work performed between January 1, 2023 and September 1, 2023. She also seeks liquidated damages in her claims under Fla. Stat. § 68.065. <u>See</u> Statement of Claim, at ¶¶ 3-9.

---

[1] Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint were previously filed on October 1, 2024

1

Defendants deny that Plaintiff is entitled to any unpaid straight time or overtime wages in this case, or any damages or liquidated damages under Fla. Stat. § 68.065.

As an initial matter, Defendants' corporate and individual tax returns for Desh Income Tax & Immigration Services show that the corporation had gross receipts or sales of only $160,230.00 in 2023, which is significantly less than the $500,000.00 required by 29 U.S.C. § 203(s)(1)(A) to establish that Defendants were an enterprise engaged in commerce under the FLSA. See Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint, Affirmative Defenses, at ¶¶ 2-3.

Even if Defendants are found to be an enterprise engaged in commerce under 29 U.S.C. § 203(s)(1)(A), Plaintiff was an exempt administrative employee under 29 U.S.C. § 213 who was paid in full for all weeks between January 1, 2023 and May 1, 2023 in which she performed any compensable work for Defendants and is therefore not entitled to any additional overtime wages. See Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint, Affirmative Defenses, at ¶ 7.

Defendants further deny that they suffered or permitted Plaintiff to perform any compensable work (including straight time or overtime) between the dates of May 1, 2023 and September 1, 2023 as alleged at Paragraphs 6 and 8 of the Statement of Claim.  See Defendants' Answer and Affirmative Defenses to Plaintiff's Complaint, Affirmative Defenses, at ¶¶ 4, 6, 8 and 9.

Finally, Defendants allege that they are entitled to a setoff against any amounts awarded to Plaintiff because Plaintiff was given an advance against her salary in the amount of $4,000.00 in January 2023, prior to performing any services for Defendants, to assist Plaintiff in meeting the employment and income requirements to qualify for a residential mortgage.  After Plaintiff began working for Defendants, she refused to repay the loan from her salary as the parties had agreed, and it quickly became evident that she had misrepresented her qualifications and knowledge of tax issues and could not even perform the basic administrative functions for which she was hired.  Plaintiff further abused her position and her access to Defendants' office and confidential immigration case files to try to obtain humanitarian Visas for ineligible applicants from Haiti and to engage in other fraudulent and illegal immigration practices, which only ceased after Defendant Magdala Niclasse threated Plaintiff with criminal prosecution for trespassing and stealing from her.

**<u>Documents supporting the defenses</u>**

Concurrently with this Response to Plaintiff's Statement of Claim, Defendants are producing copies of their corporate and individual tax returns for 2023 (redacted of personal identifying information), payroll documents from ADP showing Plaintiff's wages in 2023 and a copy of Plaintiff's Mortgage Loan Application from PrimeLending that was approved based on her employment with Defendants and the $4,000.00 salary advance prior to the commencement of Plaintiff's employment in January 2023.  <u>See</u> DESH0001-0045.  Additional

relevant documents will be produced in response to Plaintiff's discovery requests or as they are otherwise identified during the litigation.

Respectfully submitted,

*Christopher C. Sharp*
Christopher C. Sharp, Esq.
Fla. Bar No. 996858
E-Mail: csharplaw@aol.com
Secondary Email: chris@csharplawfirm.com
SHARP LAW FIRM, P.A.
1600 West State Road 84, Suite C
Fort Lauderdale, Florida 33441
Telephone: (954) 909-4246
Facsimile: (954) 827-8028
Counsel for Defendants

Dated: October 14, 2024

## **Certificate of Service**

I hereby certify that on October 14, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By:   *Christopher C. Sharp*
      Christopher C. Sharp, Esq.

**SERVICE LIST**
**Case No. 1:24-cv-22849-Civ-Ruiz**

Christopher C. Sharp, Esq.
Email: csharplaw@aol.com
Alternate email: chris@csharplawfirm.com
SHARP LAW FIRM, P.A.
1600 West State Road 84, Suite C
Fort Lauderdale, FL 33315
Phone: (954) 909-4246
Facsimile: (954) 827-8028
Counsel for Defendants

Brian H. Pollock, Esq.
Email: brian@fairlawattorney.com
Patrick Brooks LaRou, Esq.
Email: brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
Attorneys for Plaintiff