UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-22849-RUIZ

NERLYNE AUGUSTE,

    Plaintiff,

vs.

DESH INCOME TAX &
IMMIGRATION SERVICES, LLC
and MAGDALA NICLASSE,

    Defendants.
_____/

## PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS
### (COUNTS VI AND VII OF THE COMPLAINT)

Plaintiff, Nerlyne Auguste, requests the Court to enter a partial judgment on the pleadings in her favor and against the Defendants, Desh Income Tax & Immigration Services, LLC and Magdala Niclasse, on Counts VI and VII of the Complaint pursuant to Fed. R. Civ. P. 12(c), Fla. Stat. §68.065, and the following good cause:

### I. INTRODUCTION

Ms. Auguste requests the Court to grant an infrequently used remedy of granting a partial judgment on the pleadings in her favor on her worthless check claims alleged at Counts VI and VII under Fla. Stat. §68.065. Ms. Auguste requests this relief because the pleadings (the Complaint and the Answer) conclusively establish that Defendants violated Fla. Stat. §68.065 by issuing her two worthless checks and by not timely satisfying the statutory demand letters she served on them in compliance with Fla. Stat.§68.065. By admitting the pertinent allegations in Counts VI and VII, Ms. August is entitled to a judgment that includes the amount of each check, plus three times the

1

amount of each check, plus her attorney's fees and costs incurred, as explained in more detail below.

## II. PROCEDURAL HISTORY

1. Ms. Auguste resorted to filing this lawsuit on July 26, 2024, to recover the money she claims to have earned while working for Defendants after her attempts to resolve this matter pre-suit failed. [ECF No. 1.]

2. After alleging claims under the FLSA for unpaid minimum and overtime wages against both Defendants under the FLSA at Counts I and II, for recovery of minimum wages against both Defendants under the Florida Minimum Wage Act at Count III, for recovery of "gap time" wages[1] against the corporate Defendant under alternative theories of breach of contract claim and unjust enrichment at Counts IV and V, Ms. Auguste alleged worthless check claims against both Defendants under Fla. Stat. §68.065 at Count VI and VII.

3. Defendants admitted in their Answer the following facts alleged in the Complaint as they relate to the worthless check claims pursued under Fla. Stat. §68.065 at Counts VI and VII:

### Count VI – Violation of Fla. Stat. §68.065 (Check 50018)

Admitted.   57. On or about June 15, 2023, Desh Income Tax & Immigration Services, LLC, issued and Magdala Niclasse delivered to Plaintiff a written order for the payment of $1,679.38, drawn upon the bank account held by Desh Income Tax & Immigration Services, LLC, at Bank of America, N.A., in Check No. 50018, and payable to Plaintiff.

**       **       **

Admitted.   62. Plaintiff, by and through her attorney, submitted a written notice of the worthless Check and demand for payment via certified mail to Defendants on April 12, 2024, as required by Fla. Stat § 68.065.

---

[1]   *See* ECF No. at ¶¶42, 47.

2

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

| Admitted. | 63. Plaintiff's letter demanded payment from Defendants within thirty (30) days of the date of the letter for the full amount of Check No. 50018 plus the applicable service charge and enclosed a copy of Fla. Stat. §68.065. |
|---|---|
| Admitted. | 64. More than thirty (30) days have passed since the date of Defendants' receipt of the letter, but they failed to pay her any money in response to the letter she sent on April 14, 2024, related to Check No. 50018. |

### Count VII – Violation of Fla. Stat. §68.065 (Check 50017)

| Admitted. | 66. On or about June 1, 2023, Desh Income Tax & Immigration Services, LLC, issued and Magdala Niclasse delivered to Plaintiff a written order for the payment of $1,679.38, drawn upon the bank account held by Desh Income Tax & Immigration Services, LLC, at Bank of America, N.A., in Check No. 50017, and payable to Plaintiff. |
|---|---|
| Admitted. | 67. Plaintiff endorsed the Check and attempted to deposit it with her bank for payment but Check No. 50017 was dishonored by the drawee bank and returned unpaid. |

\*\*          \*\*          \*\*

| Admitted. | 71. Plaintiff, by and through her attorney, submitted a written notice of the worthless Check and demand for payment via certified mail to Defendants on April 12, 2024, as required by Fla. Stat § 68.065. |
|---|---|
| Admitted. | 72. Plaintiff's letter demanded payment from Defendants within thirty (30) days of the date of the letter for the full amount of Check No. 50018 plus the applicable service charge and enclosed a copy of Fla. Stat. §68.065. |
| Admitted. | 73. More than thirty (30) days have passed since the date of Defendants' receipt of the letter, but they failed to pay her any money in response to the letter she sent on April 14, 2024, related to Check No. 50017. |

[ECF Nos. 1, 15.]

3. In their Answer to Counts VI and VII, Defendants admitted to all essential elements of Plaintiff's claims brought under Fla. Stat. §68.065, such that the Court should enter a judgment on the pleadings on Counts VI and VII in favor of Ms. Auguste and award the damages, treble damages, attorney's fees and costs recoverable thereunder.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

### III. THE LAW

**A.      <u>The Standard For Granting Judgment On The Pleadings.</u>**

The standard for granting a judgment on the pleadings under Rule 12(c) is the same standard for granting a motion to dismiss under Rule 12(b)(6). Thus, "a judgment on the pleadings alone, if sustained, must be based on the undisputed facts appearing in all the pleadings." *Stanton v. Larsh*, 239 F.2d 104, 106 (5th Cir. 1956). The Eleventh Circuit Court of Appeals recognized in *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001), that "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law."

More recently, the Eleventh Circuit Court of Appeal discussed the utility of a motion for judgment on the pleadings, when appropriate, by explaining that it:

> …provides "a means of disposing of cases when ... a judgment on the merits can be achieved by focusing on the content of the *competing* pleadings...." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1367 (3d ed.2004) (emphasis added).

*Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1336 (11th Cir. 2014).

**B.      <u>Facts Admitted In An Answer Are Binding.</u>**

In responding to a Complaint, facts admitted by a party in an Answer are binding and require no further proof by the party asserting the factual allegations:

> [I]t is fundamental that judicial admissions are proof possessing the highest possible probative value. Indeed, facts judicially admitted are facts established not only beyond the need of evidence to prove them, but beyond the power of evidence to controvert them. A fact admitted by answer is no longer a fact in issue.

*Hill v. Fed. Trade Comm'n*, 124 F.2d 104, 106 (5th Cir. 1941).[2]

---

[2]     Decisions by the former Fifth Circuit before Oct. 1, 1981, are binding precedent in the Eleventh Circuit. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981).

4

## IV. ARGUMENT

Through Defendants' admission of the pertinent allegations in the Complaint, as they relate to Counts VI and VII, Ms. Edwards conclusively established the elements necessary to recover the amount of each worthless check (No. 50017 for $1,679.38 and No. 50018 for $1,679.38), plus three times the amount of each worthless check ($5,038.14 for No. 50017 and $5,038.14 for No. 50018), plus recovery of her attorney's fees and costs upon prevailing under Fla. Stat. §68.065. When there are no disputed facts, as established by the Defendants' Answer, the entry of a judgment on the pleadings is appropriate. *See e.g.*, *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir. 2005) (reversing and instructing the district court to enter a judgment on the pleadings).

Interpreting Florida law, this Court identified the three elements to establish Ms. Edwards' entitlement to recovery under Fla. Stat. §68.065 as follows:

> Under Florida law, a cause of action for a worthless payment instrument requires the plaintiff to show **the defendant made payment by means of a check**, draft, order of payment, debit card order, or electronic funds transfer**, but payment was not received due to insufficient funds** and **Defendant has failed to repay the balance owed within thirty days after a written demand**. *See* Fla. Stat. § 68.065(3)(a). If the plaintiff meets these elements, they are entitled to treble damages and reasonable attorney's fees. *See All My Sons Moving & Storage of Sw. Fla., Inc. v. A & E Truck Serv., LLC*, 347 So. 3d 529, 530 (Fla. 2d DCA 2022) (quoting *Sanders Farm of Ocala, Inc. v. Bay Area Truck Sales, Inc.*, 235 So. 3d 1010, 1012-14 (Fla. 2d DCA 2017)); *see also Gonzalez v. Rockwater Dev., LLC*, No. 620CV270ORL41EJK, 2021 WL 2929796, at *6 (M.D. Fla. Feb. 3, 2021), *report and recommendation adopted*, No. 6:20-CV-270-CEM-EJK, 2021 WL 2929798 (M.D. Fla. Mar. 1, 2021) ("if payment of a check is refused by a drawee-bank for insufficient funds, a payee may bring a cause of action against the drawer for recovery of the amount of the check plus treble the amount of the check") (citation and internal quotation marks omitted). [*Emphasis added*.]

*Miracle Life Farm LLC v. Hialeah Tomatoes & Fresh Produce, Inc.*, 2022 WL 18705314, at *2 (S.D. Fla. Dec. 14, 2022).

Defendants' admission of paragraphs 57 and 62-64 of the Complaint establish that they paid Ms. Auguste with Check No. 50018 for $1,679.38, that the check was dishonored, and that

5

they did not timely satisfy the demand for payment she sent by certified mail within 30 days of receipt.

Defendants' admission of paragraphs 66, 67, and 71-73 of the Complaint similarly establish that they paid Ms. Auguste with Check No. 50017 for $1,679.38, that the check was dishonored, and that they did not timely satisfy the demand for payment she sent by certified mail within 30 days of receipt.

## V. CONCLUSION

In light of the foregoing, Ms. Auguste is entitled to a judgment on the pleadings in her favor and against Defendants on Counts VI and VII for $13,435.04, which is comprised of the amount of each worthless check (No. 50017 for $1,679.38 and No. 50018 for $1,679.38), plus three times the amount of each worthless check ($5,038.14 for No. 50017 and $5,038.14 for No. 50018) under Fla.Stat. §68.065. In addition, Ms. Auguste seeks a determination that is is the prevailing party on Counts VI and VII and entitled to recover her attorney's fees and costs against Defendants under Fla. Stat. §68.065.

## LOCAL RULE 7.1 STATEMENT

Local Rule 7.1(a)(3) exempts motions for judgment on the pleadings from the conferral requirements; therefore, no conferral was had.

Dated this 24th day of October 2024.

s/ Brian H. Pollock, Esq.  
Brian H. Pollock, Esq. (174742)  
brian@fairlawattorney.com  
FAIRLAW FIRM  
135 San Lorenzo Avenue, Suite 770  
Coral Gables, Florida 33146  
Telephone: (305) 230-4884  
*Counsel for Plaintiff*

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com