IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)
**Case No. 1:24-cv-22849-Civ-Ruiz**

NERLYNE AUGUSTE,

    Plaintiff,

vs.

DESH INCOME TAX &
IMMIGRATION SERVICES, LLC,
and MAGDALA NICLASSE,

    Defendants.
_____/

## DEFENDANTS' MOTION FOR ADDITIONAL EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS

    Defendants, DESH INCOME TAX & IMMIGRATION SERVICES, LLC, and MAGDALA NICLASSE, in accordance with Federal Rule of Civil Procedure 12(c), respond as follows to Plaintiff's Motion for Partial Judgment on the Pleadings (As to Counts VI and VII of the Complaint) [Doc. 21], filed October 24, 2024.[1] Based on the arguments raised herein, Plaintiff's Motion should be DENIED, or, in the alternative, deferred for consideration until after the dispositive motion deadline of February 18, 2025.

---

[1] Counts VI and VII raise state law claims under § 68.065, Fla. Stat., based on two alleged NSF checks made out to Plaintiff from Defendants' bank account.

**Introduction and Procedural History**

1. Plaintiff's Complaint was served on Defendants on September 3, 2024, and Defendant's Answer and Affirmative Defenses [Doc. 15] were served October 1, 2024. The parties' Joint Scheduling Report [Doc. 17] was filed October 8, 2024, and the Court's Order Setting Jury Trial, Requiring Mediation, and Referring Certain Matters to Magistrate Judge [Doc. 18] was entered October 14, 2024. The Order included a deadline of November 20, 2024 for the parties to file any motions to amend the pleadings or join additional parties.

2. Ten days after Defendants filed their Response to Plaintiff's Statement of Claim [Doc. 19] on October 14, 2024, Plaintiff filed her Motion for Partial Judgment on the Pleadings [Doc. 21] on October 24, 2024. On that same date, the Court entered a Settlement Conference Order [Doc. 22], scheduling a settlement conference before Magistrate Judge Louis for November 12, 2024 at 10:00 a.m.

3. The parties' Joint Notice of Mediator Selection and hearing Date [Doc. 23] was filed October 29, 2024 and on October 30, 2024, the Court entered an Order Scheduling Mediation for January 29, 2025, with Neil Flaxman, Esq. [Doc. 24]. By Order entered November 1, 2024, the settlement conference with Magistrate Judge Louis was reset for November 13, 2024, at 1:30 p.m.

4. The parties attended the settlement conference with Magistrate Judge Louis at 1:00 p.m. on November 13, 2024, and although the case did not settle, the parties agreed to adjourn their discussions after two hours rather than

2

declaring an impasse, so that they could confer with their respective clients about some of the key factual and legal issues that were discussed with Magistrate Judge Louis.

**Legal standards for a motion for judgment on the pleadings**

"After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed.R.Civ.P. 12(c). "Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." Palmer & Cay, Inc. v. March & McLennan Cos., Inc., 404 F.3d 1297, 1303 (11th Cir. 2005); see also Hawthorne v. Mac Adjustment, Inc., 29 140 F.3d 1367, 1370 (11th Cir. 1998) ("Judgment on the pleadings is appropriate when there are no material facts in dispute, and judgment may be rendered by considering the substance of the pleadings and any judicially noticed facts."). "The significant difference between a motion for judgment on the pleadings and a motion for summary judgment is that the former is based solely on the pleadings, while the latter functions to go beyond the pleadings." Rockwood Ins. Co. v. Ill. State Med. Inter-Ins. Exch., 646 F. Supp. 1185, 1191 (N.D. Ind. 1986).

"Where the plaintiff moves for judgment on the pleadings, the fact allegations of the answer are taken to be true, but those of the complaint are taken as true only where and to the extent that they do not conflict with those of the answer." Parker v. DeKalb Chrysler Plymouth, 459 F.Supp. 184, 187 (N.D.Ga. 1978), aff'd, 673 F.2d 1178 (11th Cir. 1982). "Since Plaintiff is the

3

moving party, the Court must draw all inferences in favor of Defendant, as the non-moving party." Guarnino v. Wyeth LLC, 823 F.Supp.2d 1289, 1291 (M.D. Fla. 2011)). When pleadings are not closed, "Plaintiff cannot move for judgment on the pleadings under Rule 12(c)." Lee v. McCarthy, Case No. 17-cv-60471-UU, 2017 WL 11684925, at *2 (S.D. Fla. Sept. 18, 2017), nor may a plaintiff move for judgment on the pleadings "where the answer raises issues of fact which if proved would defeat recovery." Guarnino, 823 F.Supp.2d at 1291; see, e.g., Piccard v. Deedy, 1:21-cv-558-MLB, at *1 (N.D. Ga. Oct. 15, 2021) ("Because of the material disputes of facts about the surrounding circumstances of the printing and registering of Plaintiff's book, a decision as a matter of law [under Rule 12(c)] is premature"). Otherwise, the legal standard for assessing a motion for judgment on the pleadings is the same as the standard for a motion to dismiss under Rule 12(b)(6). Sun Life Assurance Co. of Can. v. Imperial Premium Fin., LLC, 904 F.3d 1197, 1207 (11th Cir. 2018) (quotations omitted).

### **Why Plaintiff's Motion should be denied**

In this case, Plaintiff's Motion for Judgment on the Pleadings was filed October 24, 2024, less than thirty days after Defendants filed their Answer and Affirmative Defenses on October 1, 2024 and on the same day that the Court scheduled the case for a settlement conference with Magistrate Judge Louis. The October 24, 2024 filing date was also nearly a month prior to the November 20, 2024 deadline established by the Court for amended pleadings and prior to the service of any written discovery by the parties.

Plaintiff's Motion seeks judgment on the pleadings regarding her two claims for a worthless check at Counts VI and VII of the Complaint, which arise under § 68.065, Florida Statutes (2021). Section 68.065(3)(a) of the worthless check statute allows for treble damages in addition to the amount owing if a maker stops a check with intent to defraud or otherwise fails to make payment due to lack of sufficient funds.2 The statute provides in pertinent part as follows:

> In any civil action brought for the purpose of collecting a payment instrument, the payment of which is refused by the drawee because of lack of funds, lack of credit, or lack of an account, or where the maker or drawer stops payment on the instrument with intent to defraud, and where the maker or drawer fails to pay the amount owing, in cash, to the payee within 30 days after a written demand therefor, as provided in subsection (4), the maker or drawer is liable to the payee, in addition to the amount owing upon such payment instrument, for damages of triple the amount so owing.

§ 68.065(3)(a) (emphasis added).

As an initial matter, Plaintiff's request for treble damages cannot be granted based on the pleadings because Defendants have raised a statutory affirmative defense to treble damages under § 68.065(3)(a), Fla. Stat., based on economic hardship. See Answer and Affirmative Defenses, at ¶ 20 ("[a]ny statutory damages awarded to Plaintiff on Counts VI or VII of the Complaint under § 68.065(3)(a), Fla. Stat should be reduced to the extent the failure to satisfy the dishonored checks was due in whole, or in part, to economic hardship. See also F A Dairy Prods., Inc. v. Imperial Food Distribs., Inc., 798 So.2d 803,

---

2 Plaintiff's claims at Counts VI and VII are based on non-payment for lack of funds only, there are no allegations in the Complaint of any intent to defraud by Defendants.

5

804 (Fla. 4th DCA 2001) (holding that the "judge or jury, as trier of fact," must determine if failure to pay dishonored check was due to economic hardship); Krontz v. Feller, 553 So.2d 1302, 1303 (Fla. 3d DCA 1989) (noting that section 68.065 has a provision "which allows the trier of fact to waive all or part of the statutory damages in case of economic hardship").

In addition to economic hardship, Defendants have also raised statutory affirmative defenses to Counts VI and VII under §§ 673.3031(1)(a) and 3051(1), Fla. Stat.,3 see Answer and Affirmative Defenses at ¶¶ 17, 18 and 19, and a claim for set-off based on Plaintiff's failure to repay a salary advance in the amount $4,000.00 that she received from Defendants prior to commencing work to assist her in obtaining mortgage in February 2023. See Answer and Affirmative Defenses, at ¶ 21 and 22.

---

3  Section 673.3051(1), Fla. Stat. states that "the right to enforce the obligation of a party to pay an instrument is subject to . . .

> (b) A defense of the obligor stated in another section of this chapter or a defense of the obligor that would be available if the person entitled to enforce the instrument were enforcing a right to payment under a simple contract; and

> (c) A claim in recoupment of the obligor against the original payee of the instrument if the claim arose from the transaction that gave rise to the instrument . . .

Florida law specifically recognizes conditional delivery as an affirmative defense. Fla. Stat. § 673.1051(2); Cockrell v. Taylor, 165 So. 887, 889-90 (Fla. 1936); Felkel v. Abernethy, 150 So. 631, 632 (Fla. 1933) (stating "[t]his court has held that a conditional delivery of a promissory note may be pleaded in defense of an action on the note"); Kehle v. Modansky, 696 So. 2d 493, 494 (Fla. 4th DCA 1997) (stating "conditional delivery [is] affirmative defense[] which must be raised in the pleadings"); Ketchian v. Concannon, 435 So. 2d 394 (Fla. 5th DCA 1983).

The factual basis for the set-off defense to the claims at Counts VI and VII was set forth in additional detail in Defendant's Response to Plaintiff's Statement of Claim:

> Finally, Defendants allege that they are entitled to a setoff against any amounts awarded to Plaintiff because Plaintiff was given an advance against her salary in the amount of $4,000.00 in January 2023, prior to performing any services for Defendants, to assist Plaintiff in meeting the employment and income requirements to qualify for a residential mortgage. After Plaintiff began working for Defendants, she refused to repay the loan from her salary as the parties had agreed, and it quickly became evident that she had misrepresented her qualifications and knowledge of tax issues and could not even perform the basic administrative functions for which she was hired. Plaintiff further abused her position and her access to Defendants' office and confidential immigration case files to try to obtain humanitarian Visas for ineligible applicants from Haiti and to engage in other fraudulent and illegal immigration practices, which only ceased after Defendant Magdala Niclasse threated Plaintiff with criminal prosecution for trespassing and stealing from her.

See Defendants' Response to Plaintiff's Statement of Claim [Doc. 19] filed October 14, 2024, at 3. Concurrently with their Response to Plaintiff's Statement of Claim, Defendants further provided Plaintiff's counsel with their corporate and individual tax returns for 2023 which showed gross receipts of only $160,230.00 as well as a "copy of Plaintiff's Mortgage Loan Application from PrimeLending that was approved based on her employment with Defendants and the $4,000.00 salary advance prior to the commencement of Plaintiff's employment in January 2023." See DESH0001-0045.

Given Plaintiff's counsel's knowledge that Defendants' affirmative defenses raised disputed material facts regarding the worthless check claims and entitlement to liquidated damages, that Defendants were claiming a set-off

7

against the checks based on a salary advance that was never repaid and that the corporate Defendant fell far short of the $500,000.00 threshold for enterprise coverage under the FLSA, it is difficult to see any reasonable basis for filing the Motion for Partial Judgment on the Pleadings in this case so early in the proceedings.4 The decision to proceed with the Motion made even less sense when the parties were literally in the process of scheduling their settlement conference with Magistrate Judge Louis – the purpose of which was to try to settle the case **before** the plaintiff's attorney's fees became an impediment to resolution -- and the deadline for amended pleadings was still almost a month away. The absence of any legitimate reason to file a dispositive motion so early in the case also suggests that the Motion was filed simply to drive up fees before the settlement conference or to hoodwink the Court into granting judgment on the state law claims before Defendants have an opportunity to seek summary judgment on Plaintiff's FLSA claims based on the lack of enterprise jurisdiction, which, if granted, would likely result in a remand of the worthless check claims to state court.

---

4 In the event the Court determines that Defendants' Answer and Affirmative Defenses do not sufficiently raise issues of fact which, if proved, would defeat recovery on Counts VI and VII, Defendants should be given an opportunity to amend their pleadings in lieu of entering final judgment under Rule 12(c), since there was still almost a month to do so under the Court's scheduling order when the Motion for Partial Judgment on the Pleadings was filed on October 24, 2024 and the extension of the deadline will not prejudice either party or otherwise delay the trial which is set for the two-week calendar commencing June 2, 2025.

## **Conclusion**

Based on the foregoing arguments and legal authorities, Defendants respectfully request that Plaintiff's Motion for Partial Judgment on the Pleadings (As to Counts VI and VII of the Complaint) be DENIED. In the alternative, the Court should defer consideration of the Motion until after the current deadline for dispositive motions, i.e., February 18, 2025, so that the parties can have an opportunity to conduct discovery based on the claims and Defendants' fact-based affirmative defenses thereto.

                                                Respectfully submitted,

                                                *Christopher C. Sharp*
                                                Christopher C. Sharp, Esq.
                                                Fla. Bar No. 996858
                                                E-Mail: csharplaw@aol.com
                                                Secondary Email: chris@csharplawfirm.com
                                                SHARP LAW FIRM, P.A.
                                                1600 West State Road 84, Suite C
                                                Fort Lauderdale, Florida 33441
                                                Telephone: (954) 909-4246
Dated: December 10, 2024        Counsel for Defendants

## Certificate of Service

I hereby certify that on December 10, 2024, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

By: *Christopher C. Sharp*
Christopher C. Sharp, Esq.

### SERVICE LIST
### Case No. 1:24-cv-22849-Civ-Ruiz

Christopher C. Sharp, Esq.
Email: csharplaw@aol.com
Alternate email: chris@csharplawfirm.com
SHARP LAW FIRM, P.A.
1600 West State Road 84, Suite C
Fort Lauderdale, FL 33315
Phone: (954) 909-4246
Facsimile: (954) 827-8028
Counsel for Defendants

Brian H. Pollock, Esq.
Email: brian@fairlawattorney.com
Patrick Brooks LaRou, Esq.
Email: brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
Attorneys for Plaintiff