UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-22849-RUIZ/LOUIS

NERLYNE AUGUSTE,

    Plaintiff,

vs.

DESH INCOME TAX &
IMMIGRATION SERVICES, LLC
and MAGDALA NICLASSE,

    Defendants.
_____/

**REPLY SUPPORTING
PLAINTIFF'S MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**
(COUNTS VI AND VII OF THE COMPLAINT)

**I. INTRODUCTION**

    Defendants inexplicably castigate Ms. Auguste for trying to streamline these proceedings for reasons unknown to the undersigned. Defendants then support their misguided arguments against granting the relief Ms. Auguste seeks by relying on defenses and matters not contained in their Answer and Affirmative Defenses and on defenses not delineated in Fla. Stat. §68.065. They then contend that the instant Motion was filed to exaggerate the fees involved in the litigation but without indicating how or why the filing of a dispositive motion based on admitted facts was premised on an ulterior motive. Considering the admitted allegations in Counts VI and VII of the Complaint, Defendant's Affirmative Defenses Nos. 17 to 20, and the law, it is clear that Ms. Auguste is entitled to a judgment in her favor on Counts VI and VII of the Complaint.

1

## II. ARGUMENT

The Court's decision on a motion for judgment on the pleadings can only be based on the law applicable to the complaint, any exhibits appended thereto, the answer and affirmative defenses, and any exhibits appended thereto. *Feinschreiber v. United States*, 2002 WL 1396432, at *5 (S.D. Fla. May 24, 2002) ("on a motion for judgment on the pleadings, the Court is confined to the allegations of the Complaint, including exhibits, which allegations must be taken as true"), judgment entered, (S.D. Fla. June 24, 2002). After reciting the "Legal Standards for a motion for judgment on the pleadings" for several pages and confirming that the Court's analysis is confined to reviewing the Complaint, Answer, and any exhibits appended thereto, Defendants inappropriately misdirect the Court to matters outside the pleadings in a desperate attempt to distract the Court from focusing on the pleadings and granting judgment thereon. [ECF No. 34 at 3-4.]

Defendants argue that a judgment on the pleadings should not be granted by relying on extraneous information not pled in their Answer or Affirmative Defenses. Since Defendants' Affirmative Defenses are devoid of facts, Defendants inappropriately refer the Court to their Response to the Statement of Claim filed of record (and other materials produced to the undersigned). A statement of claim is not a pleading, and neither is a response to a statement of claim. *Calderon v. Baker Concrete Const., Inc.*, 771 F.3d 807, 811 (11th Cir. 2014) ("That document [statement of claim] is an extra-Rules practice used by the district court for its convenience and to aid in case management. It does not have the status of a pleading and it is not an amendment under Rule 15 of the Federal Rules of Civil Procedure.") Consequently, the Court cannot consider either as in its decision to grant a judgment on the pleadings for Ms. Auguste, given that the Court is confined to considering only the operative pleadings.

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Defendants contend that Ms. Auguste prematurely sought a judgment on the pleadings but did not identify any timely amendment they sought or filed that altered the pleadings at issue – namely, the Complaint or the Answer and Affirmative Defenses. Surely, the Court would prefer to adjudicate claims as early as possible for the parties to avoid anyone –the parties, counsel, or the Court – unnecessarily litigating issues ripe for summary adjudication. *See* Fed. R. Civ. P. 1 (directing that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.") Regardless of whether Ms. Auguste filed her motion before or after an unsuccessful settlement conference (that was adjourned) [ECF No. 29], the pleadings were ripe for a disposition based on the admitted facts.

Defendant also directs the Court to inapplicable defenses Defendant to avoid the entry of a judgment based on the pleadings. As a statute that creates an otherwise unavailable cause of action to recover attorney's fees and treble damages, the Court must strictly construe Fla. Stat. §68.065. *See e.g.*, *Talat Enterprises, Inc. v. Aetna Cas. & Sur. Co.*, 753 So. 2d 1278, 1283 (Fla. 2000) ("Because this statute is in derogation of the common law, it must be strictly construed.") Thus, the Court is limited to considering whether the admitted allegations in Ms. Auguste's Complaint satisfy the statutory requirements and, if so, whether Defendant's Affirmative Defenses establish any of the statutory defenses enumerated in Fla. Stat. §68.065.

Defendants argue that the Court should deny Mr. Auguste's motion because they asserted several affirmative defenses to her claims at Counts VI and VII.

- <u>Setoff.</u> Defendants asserted a setoff defense in their Answer and Affirmative Defenses. [ECF No. 34 at 7.] The Court cannot consider the setoff defense because the legislature did not identify setoff as a defense available to a claim brought under

3

TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

Fla. Stat. §68.065. *See Krontz v. Feiler*, 553 So. 2d 1302, 1303 (Fla. 3d DCA 1989)(rejecting setoff as a defense available under Fla. Stat. §68.065.) Consequently, Defendants cannot avoid a judgment based on the doctrine of setoff.

- <u>Fla. Stat. §§ 673.3031 and 673.3051.</u> Defendants' reliance on Fla. Stat. §§ 673.3031 and 673.3051 to avoid liability under Fla. Stat. §68.065 is misplaced, as these statutory defenses are not relevant to a claim brought under Fla. Stat. §68.065. There is no reference to either statute in Fla. Stat. §68.065, and no reported decision has permitted either statute (§§673.3031 or 673.3051) to serve as a defense to liability under Fla. Stat. §68.065.

Once the Court determines that a judgment on the pleadings must be granted to Ms. Auguste on Counts VI and VII, the Court should proceed to enter a judgment for Ms. August and against Defendants, jointly and severally, for the $1,679.38 from Check 50018, plus the interest, attorney's fees, and costs sought in Count VI, and the $1,679.38 from Check 50017, plus the interest, attorney's fees, and costs sought in Count VII.

The only remaining issue for the Court to decide is whether the Defendants sufficiently invoked their twentieth defense of "economic hardship" [ECF No. 15 at 9]. If so, then the court or jury must determine whether to waive some or all of the treble damages. *Hutson v. Plantation Open MRI, LLC*, 66 So. 3d 1042, 1045 (Fla. 4th DCA 2011). If not, then the Court can include the treble damages in the judgment entered on the pleadings.

Although Defendants admit receiving the Motion for Judgment on the Pleadings nearly a month before the deadline to amend the pleadings [ECF Nos. 34 at 4], they never asked the Court for permission to amend their Affirmative Defenses. As applied herein, Defendants did not affirmatively state that suffered from an "economic hardship" or provide any facts in support. *But*

4

*see* Fed. R. Civ. P. 8(a)(2). Defendants' mere recitation of an excerpt from the defense to treble damages found in Fla. Stat. §68.065(7) ("was due to economic hardship") does not amount to a sufficiently pled defense that the Court could consider in denying a judgment on the pleadings. *Donaldson v. Carnival Corp.*, 2021 WL 8775733, at *4 (S.D. Fla. Apr. 20, 2021) ("both complaints and affirmative defenses are subject to *Twombly* and *Iqbal*.") (collecting cases).

### III. CONCLUSION

Nothing Defendants argued was legally or factually sufficient to avoid the entry of a judgment on the pleadings for Ms. Auguste on Counts VI and VII. Defendants' misleading arguments based on extraneous information not found in the pleadings and defenses not available in Fla. Stat. §68.065 exemplify the propriety of the requested relief and the lack of legitimacy of their arguments in opposition.

Dated this 13th day of December 2024.

s/ Brian H. Pollock, Esq.
Brian H. Pollock, Esq.  (174742)
brian@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue
Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*

5

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com