IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Miami Division)
**Case No. 1:24-cv-22849-Civ-Ruiz**

NERLYNE AUGUSTE,

    Plaintiff,
vs.

DESH INCOME TAX &
IMMIGRATION SERVICES, LLC,
and MAGDALA NICLASSE,

    Defendants.
_____/

## **DEFENDANTS' COUNSEL'S RENEWED MOTION TO WITHDRAW**

Christopher C. Sharp, Esq. and SHARP LAW FIRM, P.A., in accordance with Rule 4-1.16 of the Rules Regulating the Florida Bar, hereby file this Renewed Motion to Withdraw as counsel of record for Defendants, DESH INCOME TAX & IMMIGRATION SERVICES, LLC, and MAGDALA NICLASSE in this matter. As grounds for this Motion, movant states as follows:

### **Introduction**

Plaintiff's Complaint raising FLSA claims was served on September 3, 2024 and the undersigned entered his Notice of Appearance for Defendants on September 24, 2024. Defendant's Answer and Affirmative Defenses [Doc. 15] were served October 1, 2024, the parties' Joint Scheduling Report [Doc. 17] was filed October 8, 2024. The Court's Order Setting Jury Trial, Requiring Mediation, and Referring Certain Matters to Magistrate Judge [Doc. 18] was entered October

1

9, 2024, which set the case for trial during the Court's two-week trial calendar beginning on June 2, 2025.

Plaintiff filed a Motion for Partial Judgment on the Pleadings [Doc. 21] on October 24, 2024 and on that same date, the Court entered a Settlement Conference Order [Doc. 22], scheduling a settlement conference before Magistrate Judge Louis for November 12, 2024 at 10:00 a.m. The parties' Joint Notice of Mediator Selection and hearing Date [Doc. 23] was filed October 29, 2024 and on October 30, 2024, the Court entered an Order Scheduling Mediation for January 29, 2025, with Neil Flaxman, Esq. [Doc. 24].

The parties attended the settlement conference on November 13, 2024, which was continued, and by Paperless Order entered January 5, 2025 [Doc. 37], the Court denied the Motion for Partial Judgment on the Pleadings.

On December 11, 2024, Plaintiff served written discovery requests consisting of requests for production and interrogatories to each of the Defendants and Defendants served their initial written discovery on December 16, 2024.

As a result of Defendants' failure to meet their financial obligations under the terms of their retainer agreement and their failure to respond to multiple requests for the necessary information and documents to respond to Plaintiff's initial discovery requests, Defendants' undersigned counsel filed a Motion to Withdraw on January 13, 2025 (Doc. 38).  By its Paperless Order entered January 13, 2025, (Doc. 39) the Court denied the Motion to Withdraw, stating

2

that "[w]hile the Court understands the difficulties faced by defense counsel, given the impending mediation session scheduled for January 29, 2025, and defense counsel's familiarity with the case, the Court determines that defense counsel's withdrawal at this time would prejudice Defendants' interests and hinder the efficient resolution of this case." The Court further stated that "if the case does not settle at mediation, the Court will entertain a renewed motion by defense counsel to withdraw from representation of Defendants."

The parties attended the mediation conference on January 29, 2025 with Neil Flaxman, Esq. Although they were unable to resolve the case on that date, the parties agreed to adjourn the mediation and continue their discussions through the mediation deadline of February 11, 2025, as set forth in the Scheduling Order. They also tentatively scheduled the depositions of the parties for February 5 and 6, 2025, before agreeing to move Defendant Niclasse's deposition to February 12, 2025 and Plaintiff's to February 13, 2025, so that they would have sufficient time to complete written discovery before the depositions were taken.

Since the mediation, the undersigned has incurred close to fifteen additional hours of time in a good faith effort to complete the discovery responses and otherwise prepare Defendant Niclasse for her deposition so that he could continue to defend the case and/or settle the matter. Despite these efforts, Defendant Niclasse has still not provided all the information and documents needed to complete the discovery responses and the communications between

3

the undersigned and Ms. Nicalsse have become strained to the point where the undersigned feels that he can no longer effectively communicate with his client as required by the Rules of Professional Conduct to provide representation in this matter. As of the date of this Renewed Motion to Withdraw, the undersigned's firm has now incurred well over 50 hours of time in the case while being paid for less than ten hours.

After the Plaintiff served her discovery responses on February 7, 2025, the undersigned advised Defendant Niclasse both verbally and in writing over the weekend that the Motion to Withdraw would be renewed on February 10, 2025 based on the same reasons cited for the prior Motion to Withdraw filed January 12, 2025, and to avoid the avoid the additional financial hardship of incurring another 20 to 25 hours or more of unpaid time to prepare for and attend the all day depositions scheduled for February 12 and 13, 2025.

The undersigned emailed Plaintiff's counsel earlier today to inform them that the Motion to Withdraw was being renewed and counsel also spoke by phone to discuss the reasons for the withdrawal and the impact it would have on the pending depositions set for this week, the remaining pretrial deadlines and the trial date. In the event the Renewed Motion to Withdraw is granted, Plaintiff's counsel does not oppose a 30-day extension of the discovery period and pretrial deadlines so that Defendants have a reasonable opportunity to obtain new counsel for the case and serve their discovery responses before the depositions set for this week are rescheduled.

4

**Grounds for Motion to Withdraw**

Pursuant to Rule 1-4.16(a) of the Florida Bar Rules of Professional Conduct, a lawyer may decline or terminate representation of a client where "the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client."  See Rule 1.4.16(b)(2) and (4).

The undersigned and his law firm hereby renew their previous request to withdraw from further representation of Defendants in this case because after attending the mediation on January 29, 2025, the Defendants have still not met their financial obligations under the terms of their retainer agreement or their obligation to provide the necessary information and documents for the undersigned to respond to Plaintiff's initial discovery requests served December 11, 2024.  By failing to meet their obligations under the terms of the retainer agreement after being given another month to do so, Defendants have continued to place an unreasonable financial burden on the undersigned and his law firm and made it unreasonably difficult to continue with the representation.  In addition, as is stated herein, the communications between the undersigned and Defendant Niclasse have now deteriorated to the point where the undersigned believes that he no longer has the objectivity required to effectively represent the Defendants in this case.

As he did previously, prior to filing this Renewed Motion to Withdraw, the undersigned made a sustained effort to resolve these issues over a period of several weeks by advising Defendants via telephone, multiple emails and text messages that he would be forced to withdraw from the case if they were unable to meet their financial obligations and timely provide the requested information for their discovery responses that were due January 13, 2025. These efforts continued following the mediation on January 29, 2025 but were ultimately unsuccessful and although the parties continued to discuss settlement after the mediation was adjourned, an impasse was finally declared by the mediator on February 11, 2025.

In accordance with this Court's Order entered January 13, 2025, Defendants have also been advised that if the Court allows the undersigned to withdraw, the corporate Defendant (Desh Income Tax & Immigration Services, LLC) must be represented by an attorney in federal court, see Palazzo v. Gulf Oil Corp., 764 F.2d 1381, 1385 (11th Cir. 1985), and the individual Defendant (Magdala Niclasse) must either find new counsel or proceed pro se

Finally, to protect the Defendants' interests in this matter and facilitate the efficient resolution of this case, if the Renewed Motion to Withdraw is granted, the undersigned respectfully requests that all current deadlines in the case set forth in the Court's scheduling order [Doc. 18] be continued for not less than thirty (30) days, so that Defendants have a reasonable opportunity to retain new counsel in this matter, following which the Court can consider any

appropriate modifications of the remaining pretrial deadlines or the trial date contained in the scheduling order. As is noted herein, Plaintiff's counsel does not oppose the requested thirty-day extension if the Renewed Motion to Withdraw is Granted.

## **Conclusion**

Based on the foregoing, the Court should grant the Motion to Withdraw as Counsel for Defendants, and enter an order relieving Christopher C. Sharp, Esq. and SHARP LAW FIRM, P.A. from further responsibility for representing the Defendants in these proceedings, continuing all pretrial deadlines for not less than thirty (30) days and giving Defendants thirty (30) days to retain new counsel.

Respectfully submitted,

*Christopher C. Sharp*
Christopher C. Sharp, Esq.
Fla. Bar No. 996858
E-Mail: csharplaw@aol.com
Secondary Email:  chris@csharplawfirm.com
SHARP LAW FIRM, P.A.
1600 West State Road 84, Suite C
Fort Lauderdale, Florida 33441
Telephone: (954) 909-4246
Facsimile: (954) 827-8028

Dated: February 10, 2025     Counsel for Defendants

## Certificate of Service

      I hereby certify that on February 10, 2025, the foregoing document was electronically filed with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

      By:   *Christopher C. Sharp*
             Christopher C. Sharp, Esq.

**SERVICE LIST**
**Case No. 1:24-cv-22849-Civ-Ruiz**

Christopher C. Sharp, Esq.
Email: csharplaw@aol.com
Alternate email: chris@csharplawfirm.com
SHARP LAW FIRM, P.A.
1600 West State Road 84, Suite C
Fort Lauderdale, FL 33315
Phone: (954) 909-4246
Facsimile: (954) 827-8028
Counsel for Defendants

Brian H. Pollock, Esq.
Email: brian@fairlawattorney.com
Patrick Brooks LaRou, Esq.
Email: brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
Attorneys for Plaintiff

Magdala Niclasse
Desh Income Tax & Immigration Services
91 N.E. 168th Street
Miami, FL 33162
Telephone: (305) 303-1334
Email: deshincometax@gmail.com