UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-CV-22849-RAR

**NERLYNE AUGUSTE**,

    Plaintiff,

v.

**DESH INCOME TAX & IMMIGRATION SERVICES, LLC**, *et al.*,

    Defendants.

_____/

**ORDER GRANTING MOTION TO WITHDRAW AND
MODIFYING CERTAIN PRETRIAL DEADLINES**

**THIS CAUSE** comes before the Court upon Defendants' Counsel's Renewed Motion to Withdraw ("Motion"), [ECF No. 44]. The Court having carefully considered the Motion, the record, and being otherwise fully advised, it is hereby

**ORDERED AND ADJUDGED** as follows:

    1.    The Motion, [ECF No. 44], is **GRANTED**.

    2.    Within **three (3) days** of the entry of this Order, withdrawing counsel shall send to Defendants a copy of this Order <u>and</u> file a notice with the Court certifying the same.

    3.    Sharp Law Firm, P.A. and attorney Christopher C. Sharp, Esq. are hereby **DISCHARGED** of all further responsibilities related to Defendants Desh Income Tax & Immigration Services, LLC and Magdala Niclasse in this matter.

    4.    Defendant Desh Income Tax & Immigration Services, LLC, shall, **on or before March 13, 2025**, retain new counsel, and new counsel shall file a Notice of Appearance. *See Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385 (11th Cir. 1985) (holding that artificial entities such as business entities "can act only through agents, cannot appear pro se, and must be

represented by counsel.") (citations omitted).  Failure to retain new counsel by **March 13, 2025**, will be a valid basis for the Court to enter a default against Defendant Desh Income Tax & Immigration Services, LLC for failure to defend the action.

5. Defendant Magdala Niclasse is directed to find replacement counsel or notify the Court of her decision to proceed *pro se* **on or before March 13, 2025**.

6. The Motion to Withdraw contains a request that all current deadlines set forth in the Court's Scheduling Order, [ECF No. 18], be continued for not less than thirty (30) days. Motion to Withdraw at 6.  The request is unopposed by Plaintiff.  *Id.* at 7.  The Court finds good cause to grant the request.  Accordingly, all outstanding pretrial deadlines in the Court's Scheduling Order, [ECF No. 18], including, but not limited to, the deadline to complete discovery,[1] are hereby **STAYED**.

7. This matter is **administratively CLOSED** until—no later than **March 13, 2025**—Defendant Desh Income Tax & Immigration Services, LLC retains new counsel and/or Defendant Magdala Niclasse notifies the Court of how she plans to proceed, at which point all remaining Court deadlines will be updated accordingly and this matter will be reopened and restored to the active docket.

**DONE AND ORDERED** in Miami, Florida this 11th day of February, 2025.

**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**

---

[1] The Court notes that discovery was due to be completed by February 4, 2025, which has already passed, but that the parties may, by agreement or with the consent of the paired Magistrate Judge, extend this deadline so long as that extension does not interfere with any of the other deadlines contained in the Scheduling Order.  *See* [ECF No. 18] at 2, 2 n.2; [ECF No. 41].  To the extent that the discovery deadline has passed, this Order shall also operate as a *nunc pro tunc* extension of time of the discovery deadline, which will be reset in the event that the Court restores this case to the active docket.