UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:24-CV-22849-JB

NERLYNE AUGUSTE,

      Plaintiff,

vs.

DESH INCOME TAX &
IMMIGRATION SERVICES, LLC
and MAGDALA NICLASSE,

      Defendants.

_____/

## PLAINTIFF'S MOTION FOR EXTENSION OF PRETRIAL DEADLINES

Plaintiff, Nerlyne Auguste ("Plaintiff"), by and through her undersigned counsel, respectfully files this Motion for Extension of Pretrial Deadlines and, in support thereof, states as follows:

1. On July 26, 2024, Plaintiff initiated this action for unpaid wages by filing her Complaint against Defendants [ECF No. 1].

2. Defendants responded to the Complaint on October 1, 2024 by filing their Answer and Affirmative Defenses [ECF No. 15].

3. On October 9, 2024, the Court entered its Order Setting Jury Trial Schedule, Requiring Mediation, and Referring Certain Motions to Magistrate Judge [ECF No. 18] (the "Scheduling Order"), setting this case for trial during the Court's two-week trial period beginning June 2, 2025, with calendar call on May 27, 2025.

4. The Scheduling Order set forth, *inter alia*, the following pretrial deadlines:

1

a.  February 4, 2024 – All discovery, including expert discovery, shall be completed;

b.  February 18, 2024 – The Parties shall file all pre-trial motions, including motions for summary judgment, and *Daubert* motion; and

c.  March 18, 2025 – The Parties shall submit a joint pre-trial stipulation, proposed jury instructions and verdict form, or proposed findings of fact and conclusions of law, as applicable, and shall file any motions *in limine* (other than *Daubert* motions).

5.     On December 12, 2024, Plaintiff served Defendants with her First Interrogatories and Requests for Production.

6.     Thereafter, the Parties agreed to conduct the deposition of Defendant Magdala Niclasse, individually and as the Fed. R. Civ. P. 30(b)(6) representative of Desh Income Tax & Immigration Services, LLC, on February 5, 2025.

7.     On January 13, 2025, after failing to serve Plaintiff with Responses to her First Interrogatories and Requests for Production, Defendants' then-counsel, Christopher C. Sharp, filed his first Motion to Withdraw as counsel for Defendants [ECF No. 38]. As grounds for that motion, Mr. Sharp indicated that Defendants had "failed to respond to multiple requests to provide the necessary information and documents for [Mr. Sharp] to respond to Plaintiff's initial discovery requests[.]" [ECF No. 38 at 3.]

8.     The Court denied Mr. Sharp's first Motion to Withdraw, ordering him to attend the Parties' mediation scheduled for January 29, 2025, but permitting Mr. Sharp to file a renewed Motion to Withdraw if the case did not settle at mediation. [*See* ECF No. 39.]

9.     On January 17, 2025, Defendants filed their Agreed Motion for Extension of Time for Both Parties to Serve Discovery Responses and One Week Extension of Time to Complete Depositions if Mediation is Unsuccessful, requesting that the Court extend the Parties' discovery deadline to "February 11, 2025, so that the parties will have sufficient time to complete depositions

2

in the event the mediation currently scheduled for January 29, 2025 does not result in a settlement." [ECF No. 40 at 1.]

10.     The Court denied Defendants' request for extension of the discovery deadline set by the Court's Scheduling Order, noting that the requested extension did "not appear to interfere with other Scheduling Order deadlines[.]" [ECF No. 35.] However, the Court further stated in this Order that "[s]hould the parties seek to extend the ... pretrial deadlines set in Court's Scheduling Order, they may do so by separate motion." [*Id.*]

11.     The Parties attended mediation with Neil Flaxman, Esq. on January 29, 2025, which resulted in an impasse. [*See* ECF Nos. 42 and 43.]

12.     Despite the Parties' agreement that Defendants would serve their discovery responses before Ms. Niclasse's deposition scheduled for February 5, 2025, Mr. Sharp sent an email to Plaintiff's counsel on February 3, 2025 stating that Defendants' discovery responses were not yet complete and requesting to postpone the deposition.

13.     Thereafter, on February 10, 2025, Mr. Sharp filed his Renewed Motion to Withdraw, again stating that Defendants had failed "to provide the necessary information and documents for [Mr. Sharp] to respond to Plaintiff's initial discovery requests[.]" [ECF No. 44, at 5.]

14.     On February 11, 2025, the Court granted Mr. Sharp's request to withdraw from this case, directing Defendants to retain new counsel on or before March 13, 2025. [*See* ECF No. 45.] In that Order, the Court additionally stayed "all outstanding pretrial deadlines in the Court's Scheduling Order, [ECF No. 18], including, but not limited to, the deadline to complete discovery." [*Id.*]

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884   FAX 305.230.4844
www.fairlawattorney.com

15.     On March 14, 2025, Defendants' current counsel, Michael J. Lascelle, filed his Notice of Appearance [ECF No. 47.]

16.     Following Mr. Lascelle's appearance in this case as Defendants' counsel, the Court reset, *sua sponte*, the Parties' pending deadlines, calendar call, and trial period as follows [*see* ECF No. 51]:

   a.   April 18, 2025 – Dispositive Motions;

   b.   May 19, 2025 – Pretrial Stipulations;

   c.   July 22, 2025 – Calendar Call; and

   d.   July 27, 2025 – Trial.

17.     On March 17, 2025, Plaintiff's counsel again began coordinating dates for the deposition of Magdala Niclasse with Defendants' new counsel—proposing March 24 through 27, 2025 as tentative dates for the deposition.

18.     Mr. Lascelle rejected these proposed deposition dates, stating that he would be out of town during the dates proposed by Plaintiff's counsel and proffering April 15 and 22, 2025 as tentative dates for the deposition.

19.     Plaintiff's undersigned counsel rejected Mr. Lascelle's proposed dates for Defendants' deposition in light of the Parties' deadline of April 18, 2025 to file dispositive motions, and to avoid the need for extension of pretrial deadlines or continuance of trial.

20.     The Parties agreed to conduct Defendants' deposition on April 4, 2025, and that Defendants would serve their responses to Plaintiff's discovery requests by April 2, 2025.

21.     On March 31, 2025, Mr. Lascelle served the undersigned with Madgala Niclasse's handwritten Responses to Plaintiff's First Interrogatories, but failed to provide responses to Interrogatories Nos. 4, 5, 6, 10, 11, and 12. Further, Mr. Lascelle failed to serve responses to

4

Plaintiff's First Interrogatories to Desh Income Tax & Immigration Services, LLC, or to Plaintiff's First Requests for Production.

22.     Defendants did not serve Plaintiff with their outstanding discovery responses by April 2, 2025 as agreed, necessitating the cancellation of Ms. Niclasse's deposition scheduled for April 4, 2025.

23.     On April 4, 2025, Mr. Lascelle represented to Plaintiff's undersigned counsel that Defendants would serve their outstanding discovery responses on or before April 9, 2025. However, to date, Defendants have failed to serve: (i) Ms. Niclasse's remaining Responses to Plaintiff's First Interrogatories; (ii) Desh Income Tax & Immigration Services, LLC's Responses to Plaintiff's First Interrogatories; and (iii) both Defendants' Responses to Plaintiff's First Requests for Production.

24.     Defendants' failure to serve responses to Plaintiff's written discovery requests and the resultant inability to conduct Defendants' deposition will cause prejudice to Plaintiff by depriving her of the evidence necessary to file her intended motion for summary judgment by the Parties' deadline of April 18, 2025, and to adequately prepare for trial.

25.     Plaintiff seeks to extend the Parties' pretrial deadlines and to continue the trial of this case so that she can address Defendants' failure to respond to Plaintiff's discovery requests, and the ensuing inability to conduct Defendants' deposition, at the next available Discovery Hearing before the Honorable Magistrate Judge Edwin G. Torres.

26.     Accordingly, the Parties jointly request that the Court extend their pretrial deadlines as follows:

    a.  May 30, 2025 – Completion of Discovery;

    b.  June 13, 2025 – Dispositive Motions; and

135 San Lorenzo Avenue, Suite 770, Coral Gables, Florida 33146
TEL 305.230.4884  FAX 305.230.4844
www.fairlawattorney.com

c.   June 19, 2025 – Pretrial Stipulations and Motions *in Limine*.

27.      The Parties do not anticipate that the above-requested extensions will necessitate the continuance of trial. However, should the Court determine that such a continuance is necessary, the Parties do not oppose.

28.      Under Federal Rule of Civil Procedure 6(b), the Court has broad authority to enlarge the period within which the Parties must comply with the Deadlines "if a request is made, before the original time or its extension expires." FED. R. CIV. P. 6(b). The Parties' request herein to extend the deadline to file proposed *voir dire* questions is made prior to the expiration of the Remaining Deadlines. Accordingly, the Court has the authority to grant this Motion under Federal Rule of Civil Procedure 6(b).

29.      Additionally, under Federal Rule of Civil Procedure 6(b)(1)(B), the Court has broad authority to enlarge the period within which the Parties must comply with the Deadlines "on motion made after the time has expired if the party failed to act because of excusable neglect." FED. R. CIV. P. 6(b)(1)(B); *see also Quinn v. Deutshe Bank Nat. Trust Co.*, 625 Fed.Appx. 937, 939 (11th Cir. 2015) (quoting Federal Rule of Civil Procedure 6(b)(1)(B)). As such, the Court has discretion to grant the Parties' request to extend the deadline to file jury instructions and/or proposed findings of fact and conclusions of law.

30.      The requested extensions will allow: (i) the Parties to resolve their discovery disputes at the next available Discovery Hearing before Judge Torres; (ii) Defendants time to respond to Plaintiff's outstanding discovery requests; (iii) Plaintiff to conduct the deposition of Defendant Niclasse after Defendant's discovery responses are served; and (iv) Plaintiff to file her intended Motion for Summary Judgment following Defendant Niclasse's deposition.

6

31.     This Motion is being filed in good faith and not for the purposes of unreasonable delay nor prejudice to any party. To the contrary, Plaintiff will suffer prejudice if she is unable to obtain the above-mentioned discovery prior to the Parties' deadline to file dispositive motions, and before trial.

**WHEREFORE**, Plaintiff, Nerlyne Auguste, requests that this Honorable Court enter an order granting an extension of the above-mentioned pretrial deadlines, and such further relief that the Court deems just and proper.

## CERTIFICATE OF CONFERRAL

I hereby certify that, pursuant to S.D. Fla. L.R. 7.1, the undersigned has conferred with Defendants' counsel in an effort to resolve the issues raised in the instant motion, and that Defendants do not oppose the relief sought in this motion but oppose the inclusion of content contained herein.

Respectfully submitted this 15th day of April 2025.

s/ Patrick Brooks LaRou
Brian H. Pollock, Esq. (174742)
brian@fairlawattorney.com
Patrick Brooks LaRou, Esq. (1039018)
brooks@fairlawattorney.com
FAIRLAW FIRM
135 San Lorenzo Avenue, Suite 770
Coral Gables, Florida 33146
Telephone: (305) 230-4884
*Counsel for Plaintiff*