**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 24-CV-22849-TORRES

NERLYNE AUGUSTE,

    *Plaintiff,*

v.

DESH INCOME TAX AND
IMMIGRATION SERVICES, LLC,
and MAGDALA NICLASSE,
Individually,

    *Defendants.*

_____/

## ORDER ENTERING DEFAULT JUDGMENT

This matter is before the Court on Plaintiff's motion for default judgment. [D.E. 66]. Defendants timely responded [D.E. 69] and Plaintiff waived her reply [D.E. 70]. After reviewing the motion, response, and relevant authority, and for the reasons set forth below, the motion is **GRANTED**.

### I.    *BACKGROUND*

On June 3, 2025, the parties filed a joint motion to approve settlement and dismissal with prejudice. [D.E. 64]. This Court approved the settlement agreement on June 11, 2025, after finding that "the parties' settlement of this [FLSA] action was achieved through representation of all parties by experienced counsel"; was "the result of a bona fide compromise between them on a variety of disputes of law and fact"; and that the "settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues." [D.E. 65 (citing *Lynns Food Stores,*

1

*Inc. v. United States*, 679 F.2d 1350, 1353 (11th Cir. 1982))]. Accordingly, the case was dismissed with prejudice, and this Court retained jurisdiction to enforce the terms of the settlement, as requested by the parties. [*Id.*]

On April 3, 2026, Plaintiff filed the motion currently before us—seeking a default judgment against Defendants for failure to abide by the terms of the settlement agreement. [D.E. 66].

## II.    ANALYSIS

The parties' settlement agreement calls for a number of payments, grossing $48,000, to be made at incremental points after settlement. [D.E. 64-1 at 1]. For example, the first payment comes due "[w]ithin 14 days of the Plaintiff executing this agreement," and the last is at 358 days—with each payment amounting to several hundred dollars. [*Id.* at 1–3]. And, important here, the settlement agreement also contains a provision allowing for default judgment if the payment deadlines are not met (or a lapse is not subsequently remedied in sufficient time):

> If any check or electronic payment issued toward payment of the Settlement Fund is dishonored, returned due to insufficient funds, or cannot be deposited ("NSF Payment"), Defendants agree to pay liquidated damages in the amount of $5,000.00 for each such NSF Payment. In addition to the providing Defendants email notification of a NSF Payment, Defendants shall also be entitled to receive email notice of any other default in payment under the Agreement, which shall be sent to Defendants' counsel of record in the Lawsuit. If the Defendnats fail to cure the continuing default in payment within 5 days of their counsel of record in the Lawsuit receiving email notice, the Plaintiff shall be entitled to entry of a Default Final Judgment against the Defendants, jointly and severally, in the amount of $75,000 minus all payments successfully made (in addition to any liquidated damages resulting from any NSF Payment). These remedies are in addition to all other remedies available to the Plaintiff. Defendants waive all defenses to the entry of a Default Final Judgment other than the

Plaintif's failure to provide the 5 days notice required under this Agreement and/or timely payout.

[*Id.* at 4].

Plaintiff, in her motion for entry of default, alleges that Defendants violated the payment terms of the settlement agreement by failing to make the "238-day payment" that had come due on January 13, 2026. [D.E. 66 at 1]. As per the settlement agreement, Plaintiff provided Defendants with email notice of default. [*Id.* at 1].

Plaintiff further presents Exhibit A as evidence of the notice of default. [*Id.*] Exhibit A, however, appears to not be a first notification of default, but the result of ongoing conversations after Defendants requested additional time to make payments:

Dear Counsel,

Thank you for your email regarding your client's financial situation.

I have discussed the matter with our client, Ms. Auguste. While she notes your client's request for additional time, she cannot overlook the fact that the 238-day payment (due January 13, 2026) remains unpaid, and the cure period expired on February 11, 2026. Furthermore, the 268-day payment is now also outstanding.

[D.E. 66-1 at 1]. In any event, Exhibit A evidences the parties' knowledge of delays in payment that exceeded the bounds of the settlement agreement. This is in addition to Plaintiff's allegation that, "Defendants, through counsel, acknowledged her default and claimed she was unable to pay." [D.E. 66 at 2].

As it stands, Plaintiff alleges that Defendants have now missed at least three payment milestones, although Defendants made partial payments amounting to $20,125.00, in total. [*Id.*] Defendants' response, by way of counsel, indicates only

that "[t]he settlement agreement was freely and voluntarily entered into by all parties and speaks for itself"; "[u]pon information and belief of the undersigned, the allegations in the Motion are accurate"; and that "the undersigned has made every effort to assist Defendants in keeping complaint with the settlement agreement." [D.E. 69 at 1].

We are cognizant of the fact that Defendants' lapses in payment appear to be rooted in financial instability. Unfortunately, however, the terms of the agreement are nonetheless in force; Defendants are required to abide by the terms of the settlement agreement, and the Court must enforce compliance. Defendants have evidently failed to make payments as required under the settlement agreement, and having been provided notice of such noncompliance, the agreement entitles Plaintiff "to entry of a Default Final Judgment against the Defendants, jointly and severally, in the amount of $75,000 minus all payments successfully made (in addition to any liquidated damages resulting from any NSF Payment)." [D.E. 64-1 at 4].

Here, Plaintiff is seeking a Default Final Judgment against Defendants, jointly and severally, in the amount of $54,875.00 ($75,000 minus the amount already paid, $20,125). [D.E. 66 at 3]. Pursuant to the terms of the settlement agreement, we concur that Plaintiff is so entitled and thus **ORDER** the entry of default judgment against Defendants, jointly and severally, in the amount of $54,875.00. The motion for entry of default [D.E. 66] is **GRANTED**.

4

**DONE and ORDERED** in Chambers in Miami, Florida, this 21st day of April, 2026.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge