**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 24-CV-22849-TORRES

NERLYNE AUGUSTE,

    *Plaintiff,*

v.

DESH INCOME TAX AND
IMMIGRATION SERVICES, LLC,
and MAGDALA NICLASSE,
Individually,

    *Defendants.*

_____/

**ORDER ON MOTION TO WITHDRAW**
**AS COUNSEL OF RECORD FOR DEFENDANTS**

This matter is before the Court on Defendants' counsel's motion to withdraw as counsel of record for Defendants.  [D.E. 67].  After reviewing the motion and relevant authority, and for the reasons set forth below, the motion to withdraw is **GRANTED**.

Under the Local Rules of the Southern District of Florida, "no attorney shall withdraw [their] appearance in any action or proceeding except by leave of Court after notice served on the attorney's client and opposing counsel."  S.D. Fla. L.R. 11.1(d)(3)(A).  District courts generally have discretion to allow counsel to withdraw. *Cano v. 245 C and C, LLC*, No. 18-21826-CIV, 2023 WL 7365864, at *1 (S.D. Fla. Oct. 12, 20203).  However, "'it is incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel, and that the

1

withdrawal of counsel is for good cause.'" *Patnaude v. Sears Pest Control, Inc.*, No. 08-61980-CIV, 2009 WL 1066706, at *2 (S.D. Fla. May 13, 2009) (citing *Mekdeci By & Through Mekdeci v. Merrell Nat. Labs., a Div. of Richardson-Merrell, Inc.*, 711 F.2d 1510, 1521–1522 (11th Cir. 1983)).  Further, "[t]he Rules Regulating the Florida Bar distinguish between situations in which a lawyer *must* terminate representation as opposed to when an attorney *may* withdraw from representation," and thus provide additional guidance on the circumstances of withdrawal.  *Patnaude*, 2009 WL 10667065, at *2 (referencing Rule 4-1.16, Rules Regulating The Florida Bar).

Additionally, a motion to withdraw must include a certificate of conferral pursuant to Local Rule 7.1, which addresses whether the client, as well as opposing counsel, have any objection to the relief requested.  Defendants' counsel here indicated that such a conferral has taken place and neither expressed an opinion. [D.E. 67 at 2–3].

As for the circumstances of withdrawal, Defendants' counsel states that the attorney-client relationship has severely deteriorated, citing Defendants' repeated failure to follow the terms of the settlement agreement and lack of payment to their counsel for services rendered.  [D.E. 67 at 1–2]; *see* [D.E. 71 (Order granting motion for default judgment due to nonpayment and failure to adhere to the settlement agreement)].  Defendants' counsel stresses that he has repeatedly reminded Defendants to make the required payments in time, in addition to seeking extensions, and has been doing so with "no reasonable belief that he will be compensated for work

2

done since or any future work." [D.E. 67 at 2]. Defendants' counsel also indicates that Defendants have generally been uncooperative. [*Id.*]

Given the alleged breakdown in the attorney-client relationship, we turn the question of whether Defendants' counsel's provided grounds for withdrawal are sufficient for a finding of good cause. *See Patnaude*, 2009 WL 10667065, at *2. The Florida Rules of Professional Conduct are specific regarding the circumstances that either necessitate or allow withdrawal:

**(a) When a Lawyer Must Decline or Terminate Representation.** Except as stated in subdivision (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if:

(1) the representation will result in violation of the Rules of Professional Conduct or law;

(2) the lawyer's physical or mental condition materially impairs the lawyer's ability to represent the client;

(3) the lawyer is discharged;

(4) the client persists in a course of action involving the lawyer's services that the lawyer reasonably believes is criminal or fraudulent, unless the client agrees to disclose and rectify the crime or fraud; or

(5) the client has used the lawyer's services to perpetuate a crime or fraud, unless the client agrees to disclose or rectify the crime or fraud.

**(b) When Withdrawal Is Allowed.** Except as stated in subdivision (c), a lawyer may withdraw from representing a client if:

(1) withdrawal can be accomplished without material adverse effect on the interests of the client;

(2) the client insists upon taking action that the lawyers considers repugnant, imprudent, or with which the lawyer has a fundamental disagreement;

(3) the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(4) the representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client; or

(5) other good cause for withdrawal exists.

Fla. R. of Professional Conduct 4-1.16 (emphasis in original).

At minimum, Defendants' counsel's statements regarding Defendants' lack of payment are sufficient for a finding of good cause under Rule 4-1.16(b)(3). Defendants' counsel's statements further indicate that 4-1.16(2) may be implicated in that counsel has attempted at many points to will Defendants to comply with the jointly-proposed settlement agreement, only for Defendants to be generally uncooperative or otherwise not comply. And, again, Defendants have not voiced any opposition to these claims or their counsel's motion to withdraw.

"[D]istrict judges 'enjoy broad discretion to determine who shall practice before them[.]'" *Robinson v. Boeing Co.*, 79 F.3d 1053, 1055 (11th Cir. 1996) (citing *United States v. Dinitz*, 538 F.2d 1214, 1219 (5th Cir. 1976)). This case has been closed since June 11, 2025 [D.E. 65] and now default judgment has been entered against Defendants for failure to comply with the settlement agreement [D.E. 71]. Defendants were duly represented by counsel at both points. At this time and under the circumstances presented, we believe withdrawal to be warranted.

Accordingly, Defendants' counsel's motion to withdraw is hereby **GRANTED**. [D.E. 67]. Michael Lascelle, Esq., and the law offices of Michael Lascelle, P.A., are hereby withdrawn as counsel from this case. As a final condition of withdrawal, however, Defendants' counsel is **ORDERED** to forward this Order to Defendants upon receipt to ensure Defendants' awareness of the contents and implications of the Order.

4

Importantly, although this case is closed and a default judgment has been entered, there is time left remaining during which this Court has jurisdiction over the parties to enforce the settlement agreement.  [D.E. 65]; [D.E. 71].  Should further motion practice or other events arise, we remind Defendants that Federal law requires that a corporation cannot appear *pro se* and must be represented by counsel. *Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1385–86 (11th Cir. 1985); *Nat'l Indep. Theatre Exhibitors, Inc. v. Buena Vista Distribution Co.*, 748 F.2d 602, 609 (11th Cir. 1984).

**DONE and ORDERED** in Chambers in Miami, Florida, this 21st day of April, 2026.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge